In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-4232

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EUGENE JOSEPH, a/k/a Donnell
Cooper, a/k/a Chloe Emers,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CR 120—**Charles P. Kocoras**, *Chief Judge.*

ARGUED OCTOBER 1, 2002—DECIDED NOVEMBER 12, 2002

Before COFFEY, RIPPLE and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Eugene Joseph was convicted of
bank fraud, 18 U.S.C. § 1344, and sentenced to 10 months'
incarceration and 3 years' supervised release. On appeal,
Mr. Joseph submits that the district court erred by admit-
ting "other crimes" evidence, specifically, a mail theft not
charged in the federal indictment. We affirm the judgment
of the district court.

# I

## BACKGROUND

In early 1996, Mr. Joseph, using two different aliases, Donnell Cooper and Chloe Emers, opened several bank accounts at four Chicagoland banks, stole credit-card convenience checks, made them out to his aliases and then deposited and withdrew funds from the fraudulent accounts.

Mr. Joseph was apprehended in June 1996 after Lincoln National Bank employees became suspicious of the "Cooper" account. Mr. Joseph (representing himself as Cooper) had called Lincoln National Bank and directed that the bank close his account and mail a check for the account balance to his postal box in Chicago. After notifying postal inspectors of the suspected fraud, the bank sent a check, addressed to Donnell Cooper, to the specified postal box. Postal inspectors set up surveillance at the mailbox facility and arrested Mr. Joseph when he retrieved the mail addressed to Donnell Cooper.

As a result, Mr. Joseph faced both state and federal charges. Mr. Joseph first was convicted in state court of theft of government property based upon his retrieval of the check mailed by Lincoln National Bank to Donnell Cooper. Two months later, as a result of related conduct, he was also convicted in state court of theft by deception. Later, in February 1999, a federal grand jury indicted Mr. Joseph on one count of bank fraud. It was evidence of the mail "theft" that became a source of dispute in the federal bank fraud case.

Both parties agree that the evidence presented at trial clearly demonstrated fraud; someone using the names Cooper and Emers had deposited stolen checks and then had withdrawn the proceeds. The principal dispute at

trial centered on whether Mr. Joseph was the perpetrator. To identify Mr. Joseph, the Government used handwriting, fingerprints, evidence of uncharged attempted fraud, and evidence linking him with the names and addresses on the false accounts. In a pretrial motion in limine, the Government sought leave to introduce evidence that Mr. Joseph stole the envelope addressed to Donnell Cooper while carrying out the charged fraud on Lincoln National Bank. Mr. Joseph objected to the evidence on the grounds that its prejudicial effect far outweighed its probative value, that the mail theft was not sufficiently connected to the charged bank fraud to be intricately related, and that the mail theft was not probative of any issue in the bank fraud case. The district court admitted evidence of the mail theft under Federal Rule of Evidence 404(b). On appeal, Mr. Joseph challenges that decision.

After the district court ruled on the admissibility of the mail theft evidence, the parties stipulated to what facts the jury would hear, and that stipulation was read to the jury at the close of the Government's case. As part of its final jury charge, the district court included a Rule 404(b) limiting instruction regarding the narrow way in which the mail theft evidence could be used.

## II

### ANALYSIS

Mr. Joseph presents one argument on appeal: that the district court erred in admitting evidence that he stole the Lincoln National Bank check from the postal box.

### A. Waiver

At the outset, the Government suggests that we cannot review the evidentiary ruling because Mr. Joseph waived

his right to challenge the admissibility of the disputed evidence by failing to object properly in the district court. It is true that defense counsel did not cite Rule 404(b) explicitly at the motion-in-limine hearing, but he did say enough to preserve that ground for appeal. It was clear to everyone at the hearing that the parties were arguing about Rule 404(b). *See* Fed. R. Evid. 103(a)(1) (to preserve evidentiary objection for appeal, party must make a "timely objection or motion to strike . . . stating the specific ground of objection, if the specific ground was not apparent from the context"); *United States v. Whitaker*, 127 F.3d 595, 601 (7th Cir. 1997). Moreover, to the extent that the Government argues that Mr. Joseph effectively withdrew his objection by later stipulating about the mail theft, it is sufficient to note that the district court had already ruled definitively on its admissibility. Mr. Joseph was not compelled to continue objecting in order to preserve the issue for appeal. *See* Fed. R. Evid. 103(a); *United States v. Gajo*, 290 F.3d 922, 927 (7th Cir. 2002). Mr. Joseph stipulated to minimize the damage of the district court's ruling on the motion in limine, not to endorse it.

## B. Rule 404(b)

Regarding the merits, we review the district court's reliance on Rule 404(b) only for abuse of discretion, *United States v. Conley*, 291 F.3d 464, 472 (7th Cir. 2002). On this record, we discern no such abuse. Rule 404(b) generally bars use of "bad acts" evidence unless certain factors are met, and we have fashioned a four-part test to guide district courts in deciding whether to admit such evidence. *See United States v. Asher*, 178 F.3d 486, 492 (7th Cir. 1999). The four factors are: (1) the evidence is directed towards a matter in issue; (2) the prior act is sim-

ilar enough and close enough in time to the charged offense; (3) the jury can find from the evidence that the defendant committed the prior act; and (4) the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. *Id.*

With respect to the first factor, the mail theft incident served to establish identity in the bank fraud case because it linked Mr. Joseph with one of the aliases used by the perpetrator. Mr. Joseph argues that this is "not the sort of identity permitted" by the rule, which, he suggests, is limited to instances in which the prior bad act and the charged offense are "unusual enough that they have a 'signature.'" We do not believe that Rule 404(b) must be read so narrowly. One way to prove identity may be to show that two crimes were committed in such a distinct way as to serve as a signature, but that is not what the Government attempted to do in this case. Rather, the disputed evidence served to link up Mr. Joseph with his alias. The district court did not abuse its discretion in concluding that when employed in this context, the mail theft incident was probative of identity in a sense embraced by Rule 404(b).

Further, the mail theft incident was not only probative of identity, but it was also probative of intent, knowledge, and absence of mistake. The district court cited these purposes when ruling on the motion in limine and then later in the jury instructions. Mr. Joseph mentions intent on appeal but neglects to address the other purposes. The evidence of the mail theft is probative on these points because it shows that he knew that his name was not Donnell Cooper, and it shows that he was not simply making a mistake when he took the check for Cooper out of the mailbox. These facts clearly helped the Government prove that Mr. Joseph knowingly used the Donnell Cooper alias to commit the bank fraud.

Regarding the second factor in the four-part test, the test for similarity is not rigid; the two crimes need not be identical, but only "sufficiently alike to support an inference of criminal intent." *United States v. Montani*, 204 F.3d 761, 768 (7th Cir. 2000). There is no indication that the district court abused its discretion in finding that test met here.

On the third factor, the evidence presented was sufficient to support a jury finding that he committed the prior conduct. The jury heard that Mr. Joseph admitted to taking the envelope addressed to Cooper. Further, the jury heard eyewitness testimony from Officer Demtschenko that he saw Mr. Joseph retrieve the letter. The district court did not abuse its discretion in finding the evidence sufficient for a jury to conclude that Mr. Joseph committed the prior conduct.

Finally, on the fourth factor, the district court found some probative value in the admission and determined that it was not substantially outweighed by unfair prejudice. There is no indication that the district court abused its discretion in balancing the probative value and prejudicial effect of the theft evidence.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*