UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 1, 2006
Decided May 25, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-3156 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 02 CR 00019 |
| DONNIE-JOHNSON, *Defendant-Appellant*. | **Rudy Lozano**, *Judge*. |

**O R D E R**

Donnie Johnson, a felon, was driving his van in Gary when a police officer pulled over his vehicle. After observing Johnson acting suspiciously, the officer arrested him and eventually discovered a .22 caliber pistol hidden underneath a towel in the van. A jury in the Northern District of Indiana convicted Johnson of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Johnson appeals, arguing the district court erred in admitting certain evidence. We affirm.

I

The parties largely agree on the facts of this case. Gary Police Officer Willie McElmore conducted a traffic stop of Donnie Johnson's van on August 6, 2001. After approaching the van, Officer McElmore asked Johnson, the driver and sole occupant, for his driver's license. Officer McElmore recognized Johnson and believed that an arrest warrant had been issued for him. After returning to his squad car, Officer McElmore called on the police department dispatch for further information about Johnson and noticed that the van was rocking back and forth. Johnson had left the front seat, and there was movement in the middle part of the van. Upon receiving a report that Johnson had an outstanding arrest warrant, Officer McElmore arrested Johnson and searched the van, finding a loaded .22 caliber handgun underneath a white towel under the rear seat on the driver's side. The revolver had a pearl handle covered by black electrical tape, but did not yield any prints. Johnson explained to Officer McElmore that the gun belonged to his girlfriend, not him. The next day, Johnson gave a statement to Detective Sarita Titus of the Gary police that his girlfriend had left the gun in his van when she used the van (the night before the stop) to move.

At trial, Mary Johnson,[1] Johnson's on-again, off-again girlfriend, explained that she lived with Johnson intermittently from November 2000 through May 2001, and she owned two handguns, which she kept in her dresser. She described one of the guns as a pearl-handled .22 caliber revolver and later identified a picture of the gun recovered from the van as appearing similar to her revolver, except the gun from the van had black tape on the handle. At several points during their relationship, Johnson asked to borrow her revolver, a request that she refused. The last time she had seen the gun was on New Year's Eve of 2001 when her son, Ishmell, had used it and warned her that it misfired. She confirmed that she had borrowed Johnson's van before the traffic stop to move pieces of personal property, including her dresser, to a new address, but she noted that the contents of her dresser remained intact during the move. Perhaps most significantly, Mary testified that Johnson asked her to lie for him and tell the police that she had left the gun in the car.

The government did not rely on Mary's testimony alone. Her son, Ishmell, testified as well and explained that he had seen Johnson with the revolver in May of 2001. Several witnesses also detailed Johnson's extremely fastidious nature

---

[1] While Mary Johnson and Donnie Johnson share a common last name, they are related by neither blood nor marriage.

about keeping his van spic-and-span. According to Johnson's nephew, for example, Johnson was a fanatic about keeping the van clean.

The government also introduced evidence of Johnson's participation in a similar incident in Alabama a few months after the Indiana arrest. In Alabama, Johnson led the police on a chase and shoot-out using a gun he had taken from Mary without her permission. Unsuccessful in eluding capture, Johnson told the police that the gun he had used belonged to his girlfriend. The government, aware that the story told in its entirety might inflame the jury, sought only to introduce evidence that police stopped Johnson and he offered a similar excuse for the presence of the gun as the one used in Indiana. Johnson objected under Federal Rule of Evidence 404(b), claiming this would be evidence of his propensity to commit a crime and that the evidence was unfairly prejudicial. The government responded that the evidence would show knowledge or absence of mistake or accident on Johnson's part. The district court sided with the government and allowed limited testimony by Mary and Alabama officers about the incident, deleting any reference to the chase or shooting. The jury eventually returned a guilty verdict against Johnson, who received a sentence of 275 months' imprisonment because he was sentenced as a career criminal. Johnson appeals his conviction.

II

Johnson's sole claim on appeal is that the district court erred by introducing the limited evidence of the Alabama incident, which had an injurious effect on his defense. We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Gellene*, 182 F.3d 578, 595 (7th Cir. 1999). Rule 404(b) of the Federal Rules of Evidence provides that evidence of prior crimes, wrongs or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but not to prove a defendant's character in order to show he acted in conformity with the charged offense. Fed. R. Evid. 404(b); *see also United States v. Macedo*, 406 F.3d 778, 792 (7th Cir. 2005); *United States v. Best*, 250 F.3d 1084, 1090 (7th Cir. 2001). We review the admissibility of evidence under a four-part test considering whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative

value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Macedo*, 406 F.3d at 793; *United States v. Joseph*, 310 F.3d 975, 978 (7th Cir. 2002). Regarding the last issue, "we have repeatedly held that evidence is unfairly prejudicial only if it will 'induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *United States v. Conley*, 291 F.3d 464, 473 (7th Cir. 2002). As before the district court, Johnson challenges only the first and fourth prongs of this framework.

The district court did not abuse its discretion when it admitted the evidence of the Alabama incident. Johnson's defense rested on the theory that the presence of the revolver in the van was a mistake or an accident and that he had no knowledge that it was there. After being tracked down by the Alabama police, Johnson offered the same explanation for the presence of the gun there—Mary had accidentally left a gun in his van. The evidence was not admitted to establish Johnson's propensity to illicitly possess firearms but to show the unlikelihood that such an accident or mistake happened twice in the span of a few months. The testimony involved similar acts that were close in time. Moreover, the highly probative value of this evidence outweighed any unfair prejudice, which the district court further reduced by curtailing the description of the Alabama incident to a simple traffic stop, rather than a gun-fight and chase.

We pause briefly to note that, even if the introduction of the Alabama evidence constituted some violation of Rule 404(b), the error was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "Error is rendered harmless when it is clear beyond a reasonable doubt that a rational jury would have convicted defendants absent the erroneously admitted evidence." *United States v. Brown*, 250 F.3d 580, 586 (7th Cir. 2001). In this case, the jury had sufficient evidence to support Johnson's conviction. Officer McElmore observed Johnson rustle around in the middle of the van, and the officer subsequently recovered the gun from that general area. His girlfriend testified that the gun did not slip out of her dresser when she moved and that Johnson asked her to lie for him. Her son stated that Johnson had the gun in May 2001, and several witnesses confirmed that Johnson kept his van extremely clean, further diminishing the possibility that the gun was underneath the towel by accident. In short, even in the absence of the evidence of the Alabama incident, a reasonable jury would have convicted Johnson based on the other evidence.

III

Donnie Johnson kept firearms in his van despite being a felon and was caught doing so in Indiana. The district court properly admitted evidence of his possession of a gun in Alabama and his subsequent explanation, which pinned the problem on his girlfriend, to show that the Indiana incident was not merely an unfortunate event concomitant to a move. The judgment of the district court is

AFFIRMED